*Eastern Dist.*
*April,* 1839.

CROSBY
*vs.*
MORTON ET AL.

CROSBY *vs.* MORTON ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE BUCHANAN PRESIDING.

Bills of exchange payable *after date*, are not required to be presented for acceptance, as between the holder and endorsers ; it is only necessary to have bills payable *after sight* presented for acceptance, to give them a date.

Endorsements made by a partnership on a bill of exchange, bearing date about three weeks before its dissolution, will be presumed to have been made during the continuance of the partnership.

Interest will not be allowed on damages arising on protested bills of exchange.

This is an action against the endorsers of a bill of exchange, which was protested for non-payment at maturity.

The defendants severed in their answers. The defendant, Patterson, pleaded a general denial, and averred that the

EASTERN DIST. plaintiff was not the true holder of the bill; that he knew it
*April*, 1839. was endorsed for the accommodation of the drawer alone;
CROSBY and, lastly, that the real holder or owner, had given the
*vs.* defendants time, which had not expired.
MORTON ET AL.

Morton pleaded the general denial, and denied specially that the plaintiff was the true owner of the bill.

The following is the exact tenor of the bill on which this suit is instituted :—

"NEW-ORLEANS, 24th February, 1837.

"Exchange for $10,000.

"Seventy days after date of this first of exchange (second, and third, &c.), pay to the order of Morton & Patterson, at the Phœnix Bank, New-York, ten thousand *dollars*, value received, and place the same to account, as advised by

"LOUIS I. FOURNIQUET,

"Messrs. ROBERTSON & BRANDA, Norfolk, Virginia."

Endorsed—

"Pay to the order of John Crosby.

"MORTON & PATTERSON."

"Pay to the order of R. G. Dixon, Cashier, &c.

"JOHN CROSBY."

"Pay to the order of J. Delafield, Esq., Cashier.

"R. G. DIXON, Cashier."

This bill was sent on to the Phœnix Bank for collection, and the notary of the bank states, in his protest and testimony, that, on the 8th May, 1837, at the request of the bank, he presented said bill to the paying teller of the Phœnix Bank, where it was made payable, and demanded of him payment thereof. He answered, that "it could not be paid ;" wherefore it was protested, &c.

There is no evidence that the bill was ever presented to the drawees, Messrs. Robertson & Branda, in Norfolk, for acceptance.

The evidence clearly makes out that the plaintiff is the *bonâ fide* holder of the bill; and it further appears, that the defendants were members of a commercial firm at the date

of the bill, and for some short time thereafter. Their signa- EASTERN DIST.
tures are admitted in the pleadings. *April*, 1839.

The District Court gave judgment *in solido* against the
defendants for the amount of the bill, and ten per cent.
damages thereon, with *legal interest* on the *whole amount,*
from protest until payment. The defendants appealed.

CROSBY
*vs.*
MORTON ET AL.

*G. B. Duncan,* for the plaintiff.

*Preston* and *Randall,* for the defendant and appellants.

*Martin, J.,* delivered the opinion of the court.

The defendants are sued as endorsers of a bill of ex-
change, and are appellants from a judgment against them.

Their counsel has urged: 1st, That the bill was never
presented for acceptance by plaintiff, or any subsequent
holder; 2d, That it was paid by the drawer; 3d, The
defendant, Morton, was not bound by the endorsement. In-
terest was improperly allowed on the damages.

It appears that the bill was payable seventy days after
*date.* We are ignorant of any law requiring the presenta-
tion of such a bill for acceptance: that of a bill payable after
*sight* is required only for obtaining a date, from which the
days after sight may be reckoned. *Chitty, jr.* 39.

There is no evidence of the alleged payment.

Randall, the attorney of the defendants, deposes, that the
defendants were partners, and dissolved their partnership
about the middle of March, 1837. The bill bears date the
24th of February, 1837; that is to say, about three weeks
before the dissolution of the partnership. The period of the
endorsement was essentially simultaneous or posterior, and
the judge correctly concluded, that the bill was endorsed
during the continuance of the partnership.

Endorsements
made by a part-
nership, on a
bill of exchange,
bearing date
about three
weeks before its
dissolution, will
be presumed to
have been made
during the con-
tinuance of the
partnership.

The court, in our opinion, erred in allowing interest on the
damages. For this last reason, it is ordered, adjudged and
decreed, that the judgment be annulled, avoided and re-
versed, as to the defendant, John H. B. Morton; and it is

Interest will
not be allowed
on damages ari-
sing on protest-
ed bills of ex-
change.

EASTERN DIST. ordered, adjudged and decreed, that the plaintiff recover from
*April,* 1839. the said defendant the sum of ten thousand dollars, with

THATCHER legal interest from the 8th day of May, 1837, until paid; and
*vs.*
GOFF ET AL. the farther sum of one thousand dollars for his damages,
with costs in the District Court; and that he pay those of
the appeal.